**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Avtar Singh Grewal,

Petitioner,

v.

Ryan Thornell, et al.,

Respondents.

No. CV-24-01117-PHX-ROS

**ORDER**

On May 14, 2024, Petitioner Avtar Singh Grewal filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner raised three grounds for relief, and Magistrate Judge Michael T. Morrissey filed a Report and Recommendation ("R&R") recommending the Court deny and dismiss the Petition with prejudice and deny a Certificate of Appealability and leave to proceed in forma pauperis on appeal. (Doc 12). Petitioner filed objections, (Doc. 23), and Respondents replied to the objections, (Doc. 27). For the following reasons, Petitioner's objections will be overruled, and the R&R will be adopted in full.

### I.    BACKGROUND

Magistrate Judge Morrissey thoroughly recounted the factual and procedural background of Petitioner's state court trial, appeal, and post-conviction relief ("PCR") proceedings (Doc. 12 at 2-3), so the Court will not do so again here.

### II.    LEGAL STANDARD

A district judge "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* But the district court need not review the portions to which no objection is made, see *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003), or where an objection merely repeats arguments raised in the habeas petition, see *Scott v. Shinn*, No. CV-20-02343-PHX-DWL, 2021 WL 5833270, at *4 (D. Ariz. Dec. 9, 2021) ("Petitioner's objections largely amount to his repeating the same arguments he raised in his habeas petition and reply. . . . This approach is impermissible—at this stage of the proceedings, Petitioner must identify specific flaws in the R&R's reasoning, not simply repeat his earlier arguments."). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Williams v. Ryan*, No. CV-18-00349-TUC-RM, 2019 WL 4750235, at *5 (D. Ariz. Sept. 30, 2019).

### III. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court cannot grant habeas relief based on a claim that was adjudicated on the merits in state court proceedings unless the petitioner demonstrates that the state court's decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This standard is "highly deferential," *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997), and "demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). When reviewing a Section 2254(d) claim, courts "look to the last reasoned state court decision to address the claim." *White v. Ryan*, 895 F.3d 641, 665 (9th Cir. 2018) (*citing Wilson v. Sellers*, 584 U.S. 122, 125–26 (2018)).

#### a. Ground One

Ground One of the Petition claims erroneous legal advice misled Petitioner so that he did not sign a favorable plea agreement. In PCR proceedings, the court determined there

was no evidence in the record that a plea offer was ever extended, or that an offer agreeable to Plaintiff would have been extended had counsel requested it. The Magistrate Judge also found this argument meritless, noting counsel cannot have been "ineffective with respect to his communication of a plea offer that never existed," nor was the state court's determination on this claim "based on an unreasonable determination of the facts . . . or an unreasonable application" of law. (Doc. 12 at 6-7). Petitioner objects to this finding, arguing that the has been "absolute[ly] willing[]to plead guilty in this case from day one" (Doc. 23 at 10), that the evidence shows there was a plea offer, and he would have accepted it had counsel effectively communicated the offer and its implications to him. *Id.*

Upon review of the record, the Court finds the conclusion in the R&R correct. Transcripts from the February 18, 2014 settlement conference (Doc. 9-1 at 71) and October 2017 competency hearing (Doc. 23-2 at 227-229) demonstrate while there were settlement discussions, no formal plea offer was extended. In January 2013, the prosecutor inquired "whether or not Petitioner would consider a first degree, non-capital resolution," and Petitioner said no. In January 2014, the prosecutor suggested they could "offer a plea agreement of 22 years. But before they went to the committee, they would have to have Mr. Grewal's assurances that he would accept that offer." (Doc. 23-2 at 227). Petitioner refused. *Id.* During the February 2014 settlement conference, Petitioner reiterated his refusal to consider a plea to anything other than manslaughter, and the prosecutor refused to consider a manslaughter plea. (Doc. 9-1 at 80, 87-88). The evidence was more than sufficient for the state court to conclude no plea agreement was ever offered, nor is there evidence an offer agreeable to Plaintiff would have been extended had counsel requested it.

Accordingly, the Court will accept and adopt the R&R's recommendation on this ground.

### b. Grounds Two & Three

A petitioner must exhaust available state remedies before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b). "Exhaustion is determined on a claim-by-claim basis."

*Insyxiengmay v. Morgan*, 403 F.3d 657 (9th Cir. 2005). "To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). "A claim is procedurally defaulted if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims . . . would now find the claims procedurally barred." The Court may review a procedurally defaulted claim "if the petitioner can demonstrate either (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice." *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012). The Magistrate Judge determined the claims in Grounds Two and Three had not been properly raised in state court and were procedurally defaulted with no applicable exception. Petitioner objects to the Magistrate Judge's finding that these claims are procedurally defaulted because "Arizona state courts had failed to adjudicate on Grounds '2' and '3' for years."

On Ground two, Petitioner argued he was denied his right to counsel when one of his attorneys, Jennifer Roach, was removed 84 days before trial. Petitioner failed to exhaust his state remedies on this claim because he did not raise the claim on direct appeal or in PCR proceedings. (Docs. 9-1 at 21-30, 32-36, 105-123; 9-2 at 3-88). The Magistrate Judge further concluded Petitioner's evidence that he protested Ms. Roach's removal at the time does not establish any exception to the procedural bar. "[Petitioner] having filed a timely appeal and PCR proceedings raising other issues than those he now raises in his habeas petition, the Court finds no objective factor external to the defense impeded Petitioner's ability to comply with Arizona's procedural rules." (Doc. 12 at 9).

Petitioner's objection to the Magistrate Judge's finding fails to "identify specific flaws with the R&R's reasoning," instead "simply repeat[ing] his earlier arguments." *Scott v. Shinn*, 2021 WL 5833270, at *4 (D. Ariz. Dec. 9, 2021). This is insufficient to compel the Court's de novo review. *Id.* Nonetheless, the Court has reviewed the R&R's reasoning and evidence on this issue and agrees with its findings.

On Ground three, Petitioner argues he had ineffective assistance of trial counsel at "critical stages" of his trial, leading to erroneous plea advice, loss of his right to a speedy trial, unnecessary Rule 11 hearings, a loss of favorable evidence, and ultimately "a constitutionally unfair trial." (Doc. 1 at 8). To support his contention that he has exhausted available state remedies on this issue, Petitioner points to a supplemental brief he filed *pro se* in his direct appeal. (Doc. 23-5 at 98-130). Assuming, arguendo, the brief adequately raised an issue of ineffective assistance of counsel, Petitioner has still procedurally defaulted this claim. Under Arizona law, a claim for ineffective assistance of counsel cannot be considered until collateral post-conviction proceedings, and therefore the issue was not considered by the Court of Appeals. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415 (2007) ("a defendant may bring ineffective assistance of counsel claims *only* in a Rule 32 post-conviction proceeding—not before trial, at trial, or on direct review.") Petitioner did not raise the issue in his subsequent PCR petitions. (Doc. 9-2 at 3-88).

Petitioner has also failed to show either cause for the default and prejudice resulting from the alleged constitutional violations or that a fundamental miscarriage of justice will result from the alleged violations. The Court will thus accept and adopt the R&R's recommendation that habeas relief be denied on this ground.

### c. Certificate of Appealability

Petitioner objects to the recommendation that a certificate of appealability ("COA") and leave to appeal in forma pauperis be denied, arguing he has made a substantial showing of the denial of a constitutional right and jurists of reason could debate the Court's ruling.

To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied by showing either (1) "jurists of reason could disagree with the district court's resolution of [the] constitutional claims," or (2) "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a claim is denied on procedural grounds, a petitioner must show (1) "that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000). Courts are encouraged to address the procedural issue first, *Id.* at 485, but the Court may consider the questions in either order because "each component . . . is part of a threshold inquiry," and "a court may find it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.*

On Ground One, reasonable jurists may be able to debate whether the record shows Respondents would have offered a plea to 2nd Degree Murder with a sentence of 22 years had it been requested. But the record also shows Petitioner explicitly rejected this idea. In essence, Petitioner argues his trial counsel was ineffective because he didn't make Petitioner change his mind. There is no evidence that counsel failed to define second degree murder, and the settlement judge further gave Petitioner a brief explanation of second-degree murder. In the complete absence of evidence that counsel fell below professional norms, the failure to compel Petitioner to change his mind about a potential plea offer cannot constitute a constitutional deprivation. Therefore, Petitioner has failed to make a substantial showing of the denial of a constitutional right on this claim.

Grounds Two and Three will be denied on procedural grounds, so Petitioner must make the showing required in *Slack*. On Ground Two, Petitioner must show (1) jurists of reason could debate whether Petitioner's claim regarding the removal of Jennifer Roach states a valid claim for the denial of his right to counsel, and (2) jurists of reason would find the Court's procedural ruling debatable. The Sixth Amendment guarantees criminal defendants the right to competent representation by counsel, but a defendant requiring appointed counsel "is not entitled to counsel of choice, or to a meaningful relationship with

his or her attorney." It is apparent from the record that jurists of reason could not debate whether Ms. Roach's removal constituted a deprivation of Petitioner's right to counsel. Petitioner had two attorneys at trial, one of whom had years of familiarity with Petitioner's case. Thus, the removal of the attorney petitioner preferred cannot be found to constitute the denial of counsel. The Court will deny a COA on this claim.

On Ground Three, Petitioner must show (1) jurists of reason could debate whether Petitioner's claim of ineffective assistance of counsel at "critical stages of court proceedings" states a valid claim for ineffective assistance of counsel, and (2) jurists of reason would find the Court's procedural ruling debatable. Ineffective assistance of counsel cannot be raised under Arizona law until post-conviction relief proceedings. Whether the Court's procedural ruling is debatable depends upon whether Petitioner's PCR claims regarding his fractured relationship with the lead trial attorney and the failure of trial attorneys to communicate the advantages of a plea agreement sufficed to "fairly present" the ineffective assistance of counsel claim raised in his habeas petition. *See Baldwin v. Reese*, 541 U.S. 27, 29-32 (2005); *Swopes v. Sublett*, 196 F.3d 1008, 110 (9th Cir. 1999). However, the Court need not make this determination because Petitioner provides no reasonable factual basis from which to conclude trial counsel was ineffective under *Strickland*. Petitioner's manifold complaints regarding trial counsel mainly consist of unsupported, conclusory allegations that his attorneys were conspiring against him; the evidentiary record contains no reasonable factual basis for this conclusion or for reasonable debate whether counsel's performance was deficient. For this reason, the Court will deny a COA on this claim.

### IV.  MOTION FOR JUDICIAL NOTICE

Petitioner additionally filed a Motion for Judicial Notice. (Doc. 28). On review, the Court construes this Motion as a supplemental brief to his Objections. The Motion will be denied.

Accordingly,

**IT IS ORDERED** the R&R, (Doc. 12), is adopted in full.

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus, (Doc. 1), is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** the Motion for Judicial Notice, (Doc. 28), is **DENIED**.

Dated this 8th day of July, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge